Filed Feb. 19, 1885.

---

No. 11,425.

## JOHNSON ET AL., ADMINISTRATORS, *v.* JOHNSON.

CONTRACT.—*Work and Labor.—Evidence.*—Upon the trial of a claim by a daughter-in-law, against the estate of her father-in-law, upon an implied contract for care and nursing during his last sickness, evidence tending to show that she and her husband lived with the deceased in his house as a common family, he hiring domestics, furnishing supplies, and the like, is admissible.

From the Marion Circuit Court.

*W. N. Harding, A. R. Hovey* and *F. Winter*, for appellants.
*R. B. Duncan, J. S. Duncan, C. W. Smith* and *J. R. Wilson*, for appellee.

FRANKLIN, C.—This is a claim filed by the appellee against the estate of James Johnson, deceased, "for personal services rendered and performed for said decedent at his special instance and request, in nursing and caring for him in his sickness." A bill of particulars was filed, amounting to $965.

Appellants answered in three paragraphs:

*First.* The general denial.

*Second.* That the appellee was the daughter-in-law of the decedent, being the wife of his son Isaac B. Johnson, who, at the time of his marriage with the appellee, in the year 1875, was, and for seven years prior thereto had been, a member of his father's family, and that appellee immediately upon her marriage went, with her said husband, to live with and in the family of her said father-in-law, James Johnson, and thenceforward until his death continued to live with her said husband in said family as members of a common family, and that any services rendered by appellee to said decedent were rendered by her for him as a member of such common family, and not otherwise.

*Third.* That appellee was fully paid by the decedent in his lifetime for the services mentioned in her complaint.

The case was tried by a jury, and a verdict returned in favor of appellee for $965, and also answers to certain interrogatories propounded by appellants.

Appellants moved for judgment in their favor upon the answers to the interrogatories, which motion was overruled. They then moved for a new trial, which was also overruled. Judgment was rendered upon the verdict, and the administrators have appealed to this court.

The errors assigned are the overruling of their motion for judgment upon the answers to the interrogatories, notwithstanding the verdict, and the overruling of their motion for a new trial.

Among the reasons for a new trial, the fifth alleges error of law occurring at the trial, and under it a number of specifications are made of the refusal to admit certain testi-

mony, and the striking out of certain other testimony upon the trial of the cause.

James Johnson, a son of the deceased, testified before the jury that his father, during said time, " bought all the groceries; I know that he bought everything that came into the house to eat, including the meat; and I know he hired the servants." On motion of appellee's counsel the court struck said testimony out, and refused to let the jury consider it.

Appellants' counsel then offered to prove by said witness that the decedent furnished the domestics and servants to do the work in his household, under the supervision of Mrs. Isaac Johnson; that he furnished a servant to do the washing for the household, including the claimant's, her husband's and her husband's son ; that he furnished all the provisions for the use of the family; that he furnished the furniture that was used by the family; and that the family lived in his house on his farm. The admission of this testimony was refused by the court.

The court permitted appellants to prove by John Johnson, a son of decedent, that during said time the claimant lived in his father's house, but refused to let them prove by said witness that decedent, during said time, furnished everything for all the family, including claimant, her husband and his son, to live upon, and furnished all the hired help and domestic servants for the whole family ; that her husband, Isaac B. Johnson, was during said time the financial agent of decedent, and as such paid all the expenses of the whole family out of decedent's means, and that during said time decedent had made to claimant valuable gifts, at one time a silk dress worth $60.

This testimony was offered for the purpose of proving that they all lived together as one family, and to rebut any understanding that she was to receive pay for such services; but the court excluded the testimony. We think the facts that the decedent furnished all the means for the whole family to live upon, and that claimant's husband acted as decedent's financial agent in paying for the same, tended to prove that they

all lived as one family, and it was competent and proper for the defendants to prove the facts and circumstances under which the parties lived together in order for the jury to determine whether they all lived together as one family, and whether there was any understanding between them that she should be paid for her services. No express agreement between them that she should be paid for her services was proved in the case.

We think the court erred in refusing to permit said evidence to go to the jury, and for this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to grant a new trial, and for further proceedings.

Filed Feb. 14, 1885.